# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 06-CR-123

JAMES LETIZIA, JR.,

        Defendant.

## ORDER ON THE DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF THE CONFIDENTIAL INFORMANT

On May 23, 2006 the grand jury returned a two count indictment against the defendant, James Letizia, Jr. ("Letizia"). Count one alleges that Letizia violated Title 18, United States Code, Section 1956(a)(3)(B) and (C) by selling a Cadillac Escalade with the intent to conceal the source, ownership, and control of property believed to be the proceeds of specified unlawful activity and to avoid federal transaction reporting requirements. Count two alleges that Letizia filed a false IRS Form 8300 in violation of Title 26, United States Code, Section 7206(1).

On July 14, 2006, Letizia filed a motion to compel the disclosure of the government's confidential informant. The pleadings on the defendant's motion are now closed and the matter is ready for resolution. The voir dire deadline is **September 7, 2006** and a jury trial is scheduled to commence **September 11, 2006** before the Honorable Rudolph T. Randa.

Accompanying Letizia's motion to compel disclosure of the confidential informant is an affidavit of Letizia's attorney. It states that he has reviewed discovery provided by the government

that contains purported transcripts of surreptitiously recorded conversations between the defendant, an undercover IRS agent, and a confidential informant.

The government has responded, arguing that the defendant's request to compel disclosure should be denied because the defendant has failed to satisfy his burden in demonstrating that disclosure is required.

As a general rule, the government enjoys a limited privilege of withholding the identity of an informant. United States v. Bender, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials, by preserving the informant's anonymity. United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001). However, the government's privilege is not absolute. It may be overcome if the defendant establishes that the disclosure of the informant's identity is either relevant and helpful to his defense or essential to a fair determination of a cause. Id. at 941; Roviaro v. United States, 353 U.S. 53, 60-61 (1957); see United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could have assisted the defendant. United States v. Bender, at 270.

Ultimately, to determine whether the government is required to disclose the identity of an informant, the court must balance public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in fair trial. Andrus, 775 F.2d at 841; Jefferson, 252 F.3d at 940-41.

2
Case 2:06-cr-00123-RTR   Filed 08/03/06   Page 2 of 4   Document 12

In the present case, the transcript portions provided by defense counsel in his reply brief clearly indicate that the confidential informant was not a mere witness but rather a participant and facilitator. Although the confidential informant was not present at the time the transaction was consummated, the confidential informant's participation was nonetheless so significant that had he not been working with law enforcement, he may well have been subject to criminal liability as a co-conspirator.

The fact that this confidential informant is serving in other investigations and those investigations may be compromised by the disclosure of the informant's identity is a factor relevant to the court's balancing of interests. Another factor is the safety of this confidential informant, but the government has presented no argument that the confidential informant is at risk if his or her identity is disclosed. Rather, the government merely makes the general assertion that all confidential informants may be at some personal risk based upon the fact that persons willing to engage in crimes may have the tendency to engage in acts of violence. In light of the confidential informant's significant participation in the acts that form the basis of the defendant's alleged crime, these ambiguous concerns for safety are insufficient to counterbalance the defendant's interests.

However, the defendant has not articulated any basis as to how the confidential informant's identity is relevant to any defense. "The confidential informant privilege 'will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful.'" Valles, 41 F.3d at 358 (quoting Dole v. Local 1942, Int'l Bhd. of Elec. Workers, 870 F.2d 368, 373 (7th Cir. 1989)). In Valles, the Seventh Circuit found that the defendant's stated hope that the confidential informant's testimony would support an entrapment defense was insufficient to compel disclosure when the defense did not present any evidence to support this contention. Id. Here, the defense is a step removed from what the Seventh Circuit rejected. Not only has the defendant not presented any evidence but the defendant has not even articulated a defense that the

3

confidential informant's testimony may support. Additionally, the defendant provides no argument as to how disclosure of the confidential informant's identity is necessary in light of the fact that the confidential informant's interactions with the defendant were recorded.

**IT IS THEREFORE ORDERED** that the defendant shall have **three days** from the date of this order to articulate a specific defense the confidential informant's testimony may support, provide evidence so as to demonstrate that such a theory of defense is not entirely speculative, and explain how disclosure of the confidential informant's identity is nonetheless required in light of the fact that the confidential informant's interactions with the defendant were recorded. The government shall then have **two days** in which it may respond. Upon receipt of these supplemental submissions, the court shall enter an order on the defendant's motion to compel disclosure of the identity of the confidential informant.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2006.

s/AARON E. GOODSTEIN<br>United States Magistrate Judge